1  **WO**

5  **NOT FOR PUBLICATION**

6  IN THE UNITED STATES DISTRICT COURT

7  FOR THE DISTRICT OF ARIZONA

9  David Cohn, Marci Cohn,                    )   No. CV-06-0249-PHX-FJM
                                              )
10         Plaintiffs,                        )   **ORDER**
                                              )
11  vs.                                       )
                                              )
12                                            )
    North American Van Lines, Inc., et al.,   )
13                                            )
           Defendants.                        )
14                                            )
                                              )
15

17         Defendants seek dismissal of plaintiffs' Complaint pursuant to Rule 12(b)(6), Fed. R.
18  Civ. P., on the ground that the Complaint fails to state a claim upon which relief can be
19  granted. Plaintiffs David and Marci Cohn originally filed suit in state court alleging that the
20  defendant motor carriers lost or damaged their household goods and personal property during
21  an interstate shipment of their property from Nevada to Arizona. Plaintiffs asserted various
22  state law claims against defendants, including (a) breach of contract, (b) bad faith, (c) fraud,
23  (d) bailment/strict liability, and (e) negligence. Defendants removed this case to federal
24  court, and now seek to have plaintiffs' claims dismissed, arguing that they are preempted by
25  the Carmack Amendment to the Interstate Commerce Act. 49 U.S.C. § 14706. We have
26  before us defendants' motion to dismiss (doc. 6), plaintiffs' response (doc. 7), and defendants'
27  reply (doc. 8).

1    The Carmack Amendment created a uniform rule for carrier liability when goods are
2 shipped in interstate commerce. New York, N.H., & Hartford R.R. Co. v. Nothnagle, 346
3 U.S. 128, 131, 73 S. Ct. 986, 988 (1953); Adams Express Co. v. Croninger, 226 U.S. 491,
4 505-06, 33 S. Ct. 148, 152 (1913). To accomplish the goal of uniformity, the Carmack
5 Amendment preempts state law claims arising from loss or damage to goods. Adams Express
6 Co., 226 U.S. at 505-06, 33 S. Ct. at 152 ("Almost every detail of the subject is covered so
7 completely that there can be no rational doubt but that Congress intended to take possession
8 of the subject, and supersede all state regulation with reference to it.").

9    Plaintiffs concede that Carmack preempts most of their state law claims. They argue,
10 however, without reference to any authority, that their state law fraud claim is not preempted.
11 We disagree. The Ninth Circuit has held that Carmack broadly "preempts any state common
12 law action against [a defendant] acting solely as a common carrier." Hughes Aircraft Co. v.
13 No. American Van Lines, 970 F.2d 609, 613 (9th Cir. 1992). We see no rationale, nor have
14 plaintiffs provided any, for concluding that state law fraud claims fall outside Carmack's
15 broad preemption scope.

16    Plaintiffs further assert that even if this court concludes that their state law claims are
17 preempted, they should be granted leave to amend their Complaint in order to assert claims
18 under the Carmack Amendment. We agree. Plaintiffs shall have thirty days from the date
19 of this Order to file an amended Complaint asserting claims under the Carmack Amendment.

20    **THEREFORE IT IS ORDERED DENYING** defendants' motion to dismiss (doc.
21 6) and **GRANTING** plaintiffs' leave to amend their Complaint within 30 days from the date
22 of this Order.

23    DATED this 29th day of March, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge