**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Cohn; Marci Cohn, ) | No. CV-06-0249-PHX-FJM |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| North American Van Lines, Inc., et al., ) | |
| Defendants. ) | |

The court has before it defendants' motion to compel joinder of a party (doc. 23), plaintiffs' response (doc. 26), and defendants' reply (doc. 27). Pursuant to Rule 19(a), Fed. R. Civ. P., defendants move to compel the joinder of plaintiffs' insurance carrier, which has partially reimbursed plaintiffs for their loss. Defendants assert that because an insurance subrogation claim would involve identical issues and facts, they are potentially subject to multiple actions and the possibility of inconsistent determinations if plaintiffs' insurer is not joined.

The purpose of Rule 19(a) is to require the presence of all persons who have an interest in the litigation in order to avoid multiple litigation and inconsistent results. See Fed. R. Civ. P. 19(a)(2); Disabled Rights Action Comm. v. Las Vegas Events, Inc., 375 F.3d 861, 880 (9th Cir. 2004).

In <u>Glacier Gen. Assurance Co. v. G. Gordon Symons Co.</u>, 631 F.2d 131, 134-35 (9th Cir. 1980), the court held that "[w]here, as here, a plaintiff brings a suit for an entire claim even though the plaintiff's insurance company has partially reimbursed the loss, the insurance company is not a necessary party." Defendants argue this case is distinguishable because it was a diversity case and joinder would have deprived the court of jurisdiction. But the court's analysis did not address the diversity issue. Instead, the court based its conclusion on the fact that the "[d]isposition of this action in the absence of the reinsurers will not impair or impede their ability to protect their interests," because any recovery by the insureds "is impressed with a trust for the reinsurers . . . by principles of subrogation." <u>Id.</u> at 134. Moreover, the court noted that the defendants would be protected from future actions by the insurance company. <u>Id.</u> (citing <u>Virginia Elec. & Power Co. v. Westinghouse Elec. Corp.</u>, 485 F.2d 78, 84 n.15 (4th Cir. 1973) ("[u]nder substantive law the partial subrogee may be collaterally estopped from bringing a subsequent action and any recovery by the subrogor is impressed with a trust in favor of the subrogee")).

Accordingly, we conclude that plaintiffs' insurer is not a necessary party requiring joinder under Rule 19(a).

**IT IS THEREFORE ORDERED DENYING** defendants' motion to compel joinder (doc. 23).

DATED this 16th day of August, 2006.

_Frederick J. Martone_
Frederick J. Martone
United States District Judge